People v Barahona (2023 NY Slip Op 50687(U))

[*1]

People v Barahona (Victor)

2023 NY Slip Op 50687(U)

Decided on June 16, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 16, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, LOURDES M. VENTURA, JJ.

2021-427 Q CR

The People of the State of New York, Appellant,
against
Victor Barahona, Respondent. 

Queens County District Attorney (Johnnette Traill, John M. Castellano, Sharon Y. Brodt and Jaedon J. Huie of counsel), for appellant.
New York City Legal Aid Society (Jonathan Garelick and Ronald Zapata of counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Scott A. Dunn, J.), dated June 17, 2021. The order granted defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the order is affirmed.
Insofar as is relevant to this appeal, on November 23, 2020, defendant was charged in an accusatory instrument with common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), and was arraigned thereon. On January 14, 2021, the People filed an off-calendar statement of readiness (SoR) that did not include a CPL 30.30 (5-a) certification of the facial sufficiency of the accusatory instrument. By notice of motion dated April 6, 2021, defendant moved to dismiss the accusatory instrument on statutory speedy trial grounds, arguing that the People's January 14, 2021 SoR was invalid because it lacked the CPL 30.30 (5-a) certification. By order dated June 17, 2021, the Criminal Court (Scott A. Dunn, J.) granted defendant's motion after finding 108 chargeable days, more than the 90 days allotted to the People to be ready for trial (see CPL 30.30 [1] [b]; Vehicle and Traffic Law § 1193 [1] [b]). The Criminal Court accepted defendant's argument that the People's January 14, 2021 SoR was invalid pursuant to CPL 30.30 (5-a).
On appeal, the People argue that CPL 30.30 (5-a) does not specify when the People must certify the facial sufficiency of the accusatory instrument and, therefore, the Criminal Court [*2]should have allowed the People to file a 5-a certification after the January 14, 2021 SoR, which certification would retroactively validate the SoR.
For the reasons stated in People v Ward (— Misc 3d —, 2023 NY Slip Op — [appeal No. 2021-550 Q CR], decided herewith), because the People did not file a 5-a certification before the expiration of their statutory speedy trial time, the Criminal Court correctly granted defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.
Accordingly, the order is affirmed.
BUGGS, J.P., OTTLEY and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 16, 2023